IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI | : | |
| Petitioner | : | |
| v. | : | Civil Action No. RDB-07-2586 |
| ROWLEY | : | |
| Respondent | : | |

. . . . .o0o. . . . .

**MEMORANDUM OPINION**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Billy G. Asemani on September 25, 2007, challenging his conviction for attempted murder in 2006 in the Circuit Court for Howard County. Petitioner, who is confined at the North Branch Correctional Institution, has also filed a Motion to Proceed In Forma Pauperis. The Court will grant the Motion to Proceed In Forma Pauperis and dismiss the Petition without prejudice for failure to exhaust state court remedies.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b)&(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to hear the claims. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.[1]

---

[1] To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of *certiorari*. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. If, however, the

In this case, Petitioner has yet to exhaust his claims either by way of direct appeal or collateral review before the appropriate state courts. By his own account, Asemani currently has a post-conviction proceeding pending in state court and a hearing is scheduled for November 21, 2007. Petition, p. 5. The Court has considered Petitioner's request to consider his petition prior to exhaustion, and finds that he fails to show good cause why the exhaustion requirements should not apply to his case.

Accordingly, a separate Order will be entered dismissing the Petition without prejudice to allow Petitioner to exhaust state court remedies. Petitioner is reminded that there is a one-year filing deadline for a 28 U.S.C. §2254 writ of habeas corpus in federal court.[2] Petitioner must take care

---

application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for writ of *certiorari* to the Court of Appeals. *See  Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals. *See  Williams, supra.*

[2] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

(continued...)

not to miss this deadline should he seek to refile this petition after he has exhausted state court review.[3]  A separate Order follows.


September 28, 2007                              /s/_____
Date                                                         RICHARD D. BENNETT
                                                                 UNITED STATES DISTRICT JUDGE

---

(...continued)

    newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    [3] The Court will direct the Clerk to mail Petitioner a forms and information packet for filing a 28 U.S.C. §2254 petition for federal habeas corpus relief.